MARK C. ZEBROWSKI (CA SBN 110175)
MZebrowski@mofo.com
BRIAN M. KRAMER (CA SBN 212107)
BMKramer@mofo.com
KAILA R. HARTER (CA SBN 324016)
KHarter@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California  92130-2040
Telephone: 858.720.5100
Facsimile:  858.720.5125

Attorneys for Plaintiff
MITEK SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITEK SYSTEMS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> URBAN FT (NORTH AMERICA), LLC, aka URBAN FT, LLC, a Delaware corporation, <br><br> Defendant. | Case No. 19cv1432 JLS (WVG) <br><br> **FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT AND DAMAGES** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff MITEK SYSTEMS, INC. ("MITEK") complains of URBAN FT, (NORTH AMERICA), LLC, aka URBAN FT, LLC ("URBAN FT") and alleges as follows:

This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, against URBAN FT for a declaration that, pursuant to the patent laws of the United States, 35 U.S.C. §§ 1 et seq., U.S. Patent Nos. 8,532,419 ("the '419 patent"); 8,559,766 ("the '766 patent"); 8,885,963 ("the '963 patent"); 9,307,206 ("the '206 patent"); and 9,661,216 ("the '216 patent"), (collectively, "the patents-in-suit" or "the Patents"), are not infringed by Plaintiff.  Copies of the patents-in-suit are attached as Exhibits A-E.  Each patent-in-suit is entitled "Automatic Image Capture."  Each is allegedly owned by Defendant and is not infringed by Plaintiff.  This action also includes breach of contract, account stated, and open book account claims stemming from URBAN FT's failure to make payments under a license agreement.

## PARTIES

1.      Plaintiff MITEK is a Delaware corporation with its office in San Diego, California.  MITEK develops and markets software.

2.      Defendant URBAN FT is a Delaware limited liability company with its office in New York, New York.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the patent claims under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (action arising under an Act of Congress relating to patents).  This Court has supplemental jurisdiction over the breach of contract claims under 28 U.S.C. § 1367(a).

4.      Jurisdiction and venue are proper because the contract at issue was entered into and performed in the County of San Diego; Defendant's wrongful conduct took place partly in the County of San Diego; MITEK's office is in the County of San Diego; and the contract at issue expressly provides:

This Agreement and performance hereunder shall be governed by the laws of California, and any suit or action filed to enforce or contest any provision of this Agreement, or the obligations imposed, shall be brought and prosecuted in a court of competent jurisdiction sitting in the County of San Diego, State of California. MITEK and [URBAN FT] consent to the exclusive jurisdiction of, and venue in, the state and federal courts in the County of San Diego, California.

(Mitek Reseller Software License Agreement ¶ 14.2.)

5.      In addition, URBAN FT sent MITEK a cease and desist letter in this district, alleging acts of infringement and demanding payment.

## BACKGROUND FACTS

6.      On April 18, 2019, MITEK entered into a written Mitek Reseller Software License Agreement ("Software License Agreement") with URBAN FT.

7.      Under the terms of the Software License Agreement, MITEK agreed to provide URBAN FT with Mobile Deposit and MiSnap product licensing and allow URBAN FT to market, sublicense, and distribute MITEK's product.

8.      In consideration of the licenses granted by MITEK, URBAN FT agreed to pay MITEK the product license fees set forth in the Software License Agreement.  Pursuant to the Software License Agreement, URBAN FT agreed to pay $595,000 for a 2-year license, plus $107,000 per year for support services of which there are two payments already past due:  $234,033.33 was due on May 22, 2019 and $234,033.33 was due on July 22, 2019.  These amounts were due and owing on those dates regardless of whether MITEK separately invoiced URBAN FT for these payments.

9.      MITEK did nonetheless separately invoice URBAN FT for the payments that were due and owing.  Despite MITEK's timely delivery of invoices to URBAN FT, MITEK has not received payment from URBAN FT.  Meanwhile, URBAN FT has had the benefit of using MITEK's products.

10.     Paragraph 8.1 of the Software License Agreement states:

Monthly Reports. COMPANY will submit monthly reports to MITEK reporting on usage, including transaction volume, within five (5) business days of the end of each month. Such reporting shall also require COMPANY to provide MITEK with the names of: (i) signed End Users; and (ii) End Users in production, in a form mutually agreeable to the parties.

11.     URBAN FT has failed to submit the reports required by Paragraph 8.1 of the Software License Agreement.

12.     On July 24, 2019, counsel for URBAN FT stated in writing that it was "withholding any and all amounts which MITEK alleges are due and payable." URBAN FT justified its non-payment based on new, unsubstantiated allegations of patent infringement by MITEK.  Specifically, URBAN FT identified and provided copies of each of the five patents-in-suit, which URBAN FT claimed that it owns. URBAN FT alleged without any analysis that MITEK infringed each one.  URBAN FT did not identify any MITEK product, service, or act that amounted to patent infringement.  Instead, URBAN FT alleged generally that MITEK "has knowingly been infringing the Patents for its own commercial gain" and demanded that MITEK "immediately cease and desist from: (A) utilizing any technologies contained in the Patents, and (B) infringing upon such Patents in the future."  The letter further noted that "[i]f you do not immediately cease and desist from infringing upon the Patents, our client intends to commence any and all appropriate legal action including, but not limited to, seeking compensatory damages, equitable relief, costs, attorney fees, and an injunction ordering you to cease and desist from utilizing and infringing upon the Patents."

## FIRST CAUSE OF ACTION
### (Declaratory Judgment of Noninfringement of the '419 patent)
### (By Plaintiff against URBAN FT)

13.     MITEK incorporates by reference paragraphs 1-12 above as though fully set forth herein.

sd-741450

14.     MITEK is not directly infringing, contributorily infringing, or actively inducing others to infringe any claim of the '419 patent as properly construed.

15.     There exists an actual controversy between MITEK and URBAN FT regarding whether MITEK infringes the '419 patent, and a judicial declaration of noninfringement is necessary and appropriate at this time.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment of Noninfringement of the '766 patent)
### (By Plaintiff against URBAN FT)

16.     MITEK incorporates by reference paragraphs 1-15 above as though fully set forth herein.

17.     MITEK is not directly infringing, contributorily infringing, or actively inducing others to infringe any claim of the '766 patent as properly construed.

18.     There exists an actual controversy between MITEK and URBAN FT regarding whether MITEK infringes the '766 patent, and a judicial declaration of noninfringement is necessary and appropriate at this time.

## THIRD CAUSE OF ACTION
### (Declaratory Judgment of Noninfringement of the '963 patent)
### (By Plaintiff against URBAN FT)

19.     MITEK incorporates by reference paragraphs 1-18 above as though fully set forth herein.

20.     MITEK is not directly infringing, contributorily infringing, or actively inducing others to infringe any claim of the '963 patent as properly construed.

21.     There exists an actual controversy between MITEK and URBAN FT regarding whether MITEK infringes the '963 patent, and a judicial declaration of noninfringement is necessary and appropriate at this time.

sd-741450

## FOURTH CAUSE OF ACTION
### (Declaratory Judgment of Noninfringement of the '206 patent)
### (By Plaintiff against URBAN FT)

22.   MITEK incorporates by reference paragraphs 1-21 above as though fully set forth herein.

23.   MITEK is not directly infringing, contributorily infringing, or actively inducing others to infringe any claim of the '206 patent as properly construed.

24.   There exists an actual controversy between MITEK and URBAN FT regarding whether MITEK infringes the '206 patent, and a judicial declaration of noninfringement is necessary and appropriate at this time.

## FIFTH CAUSE OF ACTION
### (Declaratory Judgment of Noninfringement of the '216 patent)
### (By Plaintiff against URBAN FT)

25.   MITEK incorporates by reference paragraphs 1-24 above as though fully set forth herein.

26.   MITEK is not directly infringing, contributorily infringing, or actively inducing others to infringe any claim of the '216 patent as properly construed.

27.   There exists an actual controversy between MITEK and URBAN FT regarding whether MITEK infringes the '216 patent, and a judicial declaration of noninfringement is necessary and appropriate at this time.

## SIXTH CAUSE OF ACTION
### Breach of Contract—Mitek Reseller Software License Agreement
### (By Plaintiff against URBAN FT)

28.   MITEK incorporates by reference paragraphs 1-27 above as though fully set forth herein.

29.   The Software License Agreement is a binding contract between MITEK and URBAN FT.

30.    MITEK fully complied with its obligations and duties under the Software License Agreement.

31.    MITEK duly and properly invoiced URBAN FT $234,033.33 on May 22, 2019 and $234,033.33 on July 22, 2019.

32.    URBAN FT breached that contract by failing to provide the reports required by Section 8.1 of the Software License Agreement and failing to pay the product licensing fees on the agreed upon dates, totaling the principal amount of $468,066.66, together with contractual interest, pre-judgement interest, post-judgement interest, the costs of this action, attorneys' fees and such other relief as may seem just and proper to this court.

33.    URBAN FT's breach caused harm to MITEK, which harm will be proven at the time of trial.

34.    Plaintiffs hereby seek relief as set forth in the Prayer for Relief.

**SEVENTH CAUSE OF ACTION**
**Account Stated, In the Alternative**
**(By Plaintiff against URBAN FT)**

35.    MITEK incorporates by reference paragraphs 1-34 above as though fully set forth herein.

36.    URBAN FT is indebted to MITEK for the amounts reflected on the timely submitted invoices for use of MITEK's product, totaling $468,066.66.

37.    URBAN FT has been in possession of outstanding invoices from MITEK since May 22, 2019 and July 22, 2019.

38.    URBAN FT failed to object to these invoices within a reasonable period of time, thereby, assenting to the sum owed to MITEK.

39.    Accordingly, URBAN FT is liable to MITEK for payment of the unpaid invoices in the principal amount of $468,066.66, together with contractual

interest, pre-judgement interest, post-judgement interest, attorneys' fees, the costs of this action and such other relief as may seem just and proper to this court.

### EIGHTH CAUSE OF ACTION
### Open Book Account, In the Alternative
### (By Plaintiff against URBAN FT)

40.     MITEK incorporates by reference paragraphs 1-39 above as though fully set forth herein.

41.     The Software License Agreement is a binding and valid contract between MITEK and URBAN FT.

42.     MITEK maintains accounting records in the ordinary course of business to show the debits and credits between MITEK and URBAN FT.

43.     MITEK's accounting records show credits and debits of URBAN FT was kept in a reasonably permanent manner.

44.     According to MITEK's accounting, URBAN FT is liable to MITEK for the payment of the unpaid invoices in the principal amount of $468,066.66, together with contractual interest, pre-judgment interest, post-judgment interest, attorneys' fees, the costs of this action and such other relief as may seem just and proper to this court.

### REQUEST FOR RELIEF

WHEREFORE, MITEK prays for judgment against Defendant as follows:

(a)   For a declaration that the '419 patent is not infringed by MITEK;

(b)   For a declaration that the '766 patent is not infringed by MITEK;

(c)   For a declaration that the '963 patent is not infringed by MITEK;

(d)   For a declaration that the '206 patent is not infringed by MITEK;

(e)   For a declaration that the '216 patent is not infringed by MITEK;

(f)   For monetary relief in the amount of $468,066.66 that URBAN FT has not paid to MITEK under the Software License Agreement as

1    reflected in the unpaid invoices;

2   (g)  In the alternative, for payment in the amount of $468,066.66 to

3          which URBAN FT is liable to MITEK under the doctrine of

4          Accounts Stated;

5   (h)  In the alternative, for payment in the amount of $468,066.66 to

6          which URBAN FT is liable to MITEK under the doctrine of Open

7          Book Account;

8   (i)  For a judgment requiring URBAN FT to provide the reports required

9          under Section 8.1 of the Software License Agreement and to pay any

10         amounts that such reports establish are owed to MITEK;

11   (j)  For contractual interest, pre-judgment interest, and post-judgment

12          interest;

13   (k)  For a finding that this case is exceptional and awarding MITEK its

14          costs, attorneys' fees, and expenses pursuant to 35 U.S.C. § 285; and

15   (l)  For such and other relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

MITEK hereby demands trial by jury on all issues so triable.

Dated:  August 15, 2019     MORRISON & FOERSTER LLP

By: _____/s/ Mark C. Zebrowski_____
Mark C. Zebrowski
MZebrowski@mofo.com
Brian M. Kramer
BMKramer@mofo.com
Kaila R. Harter
KHarter@mofo.com

Attorneys for Plaintiff
MITEK SYSTEMS, INC.

CASE NO. 19cv1432 JLS (WVG)
1st AMND COMPLAINT FOR DEC JDGMT & DAMAGES

sd-741450