UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITEK SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> URBAN FT (NORTH AMERICA), LLC, aka URBAN FT, LLC, <br><br> Defendant. | Case No.: 19-CV-1432-CAB-WVG <br><br> **ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT** <br><br> **[Doc. Nos. 29, 30]** |

Plaintiff Mitek Systems, Inc. filed its complaint in this action on July 31, 2019 [Doc. No. 1], and thereafter filed its first amended complaint ("FAC") on August 15, 2019. [Doc. No. 8.] On September 25, 2019, Defendant Urban FT (North America), LLC, aka Urban FT, LLC filed its answer to the FAC. [Doc. No. 16.] On October 31, 2019, Defendant's previous counsel of record, Patrick D. Paschall, Esq., filed a motion to withdraw as counsel. [Doc. No. 18.] Due to the lack of any opposition, the Court granted the motion to withdraw as counsel on November 26, 2019. [Doc. No. 23.] The Court reminded Defendant that it cannot proceed without representation pursuant to Civil Local Rule 83.3(j) and instructed Defendant to obtain new counsel no later than December 17, 2019, otherwise Plaintiff may request entry of default against Defendant. [*Id.* at 2.]

Defendant failed to obtain new counsel by this deadline and Plaintiff requested entry of default on December 23, 2019 [Doc. No. 26], which the clerk entered on December 27, 2019. [Doc. No. 27.] On January 24, 2020, Defendant moved to set aside the default [Doc. No. 29], and on January 27, 2020, Plaintiff moved for default judgment. [Doc. No. 30.] For the efficient administration of justice, and to save the parties the cost of unnecessary briefing, the court finds it efficient to immediately address Defendant's motion to set aside default.

A court may set aside a default for good cause shown. Fed. R. Civ. P. 55(c). Factors to consider include whether defendant engaged in culpable conduct, whether defendant has a meritorious defense, and whether setting aside default will prejudice plaintiff. *See Franchise Holding, II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). The decision whether or not to grant default judgment is within the discretion of district courts. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *United States v. Aguilar*, 782 F.3d 1101, 1107 (9th Cir. 2015) (internal quotes omitted). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

Here, the court has reviewed defendant's motion (and supporting memorandum) and finds good cause to grant it. Defendant persuasively contends that it diligently attempted to obtain new counsel and once it came to an agreement of representation its counsel immediately began to prepare the motion to set aside default. Defendant also contends it has a meritorious defense to both the non-infringement and breach of contract claims. Furthermore, Defendant moved to set aside the default within thirty days of entry and the Court does not find this limited tardiness demonstrates extreme circumstances. Finally, the Court favors a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (holding default judgments generally are disfavored because "cases should be decided on their merits whenever reasonably possible").

1     Defendant's motion to set aside the entry of default [Doc. No. 29] is **GRANTED**.
Plaintiff's motion for default judgment is therefore **DENIED**.  [Doc. No. 30.]

**IT IS SO ORDERED.**

Dated:  January 31, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge