1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITEK SYSTEMS, INC.,<br><br>                                    Plaintiff,<br><br>v.<br><br>URBAN FT (NORTH AMERICA), LLC,<br>aka URBAN FT, LLC,<br><br>                                    Defendant. | Case No.:  19-CV-1432-CAB-WVG<br><br>**ORDER DISMISSING PATENT CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION AND DECLINING SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS** |

Plaintiff Mitek Systems, Inc. ("Mitek") initiated this lawsuit on July 31, 2019, with a complaint seeking declaratory judgment of non-infringement of five United States patents: No. 8,532,419; No. 8,559,766; No. 8,885,963; No. 9,307,206; and No. 9,661,216 (collectively, the "Patents in Suit").  The complaint alleged subject matter jurisdiction over these patent claims under 28 U.S.C. § 1331 and 1338, and supplemental jurisdiction over three state law claims for breach of contract, account stated, and open book account stemming from the Defendant/counter-claimant Urban FT (North America) LLC ("Urban FT") allegedly failing to make payments under a license agreement.  [Doc. No. 1.]  Mitek subsequently filed a first amended complaint ("FAC") asserting the same claims.  [Doc. No. 8.]

Urban FT initially filed an answer to the FAC without asserting any counterclaims for patent infringement.  [Doc. No. 16.]  The Court subsequently granted Urban FT counsel's motion to withdraw [Doc. No. 23], and when no counsel entered an appearance to replace the withdrawn counsel, the clerk entered the default of Urban FT. [Doc. No. 26.]

1

The Court granted a motion to set aside that default on January 31, 2020. [Doc. No. 31.] On March 17, 2020, Urban FT, now represented by new counsel, filed counterclaims for infringement of only the '419 Patent and '963 Patent, along with claims for breach of contract and breach of the covenant of good faith and fair dealing.  [Doc. No. 41.]

On August 27, 2020, Mitek notified the Court that Urban FT does not have an ownership right in any of the five Patents in Suit, meaning that Urban FT lacks standing to claim patent infringement. [Doc. No. 53.]  The Court then issued an order to show cause giving Urban FT an opportunity to establish that there is subject matter jurisdiction for its patent infringement claims.  [Doc. No. 59.]  Upon review of the parties' responses to the order to show cause, the Court finds that Urban FT does not own any of the five Patents in Suit, and that therefore, Urban FT lacks standing and the Court lacks subject matter jurisdiction over all claims, counterclaims, and defenses related to alleged infringement.

## I.     The Oregon Lawsuit

On July 27, 2018, Rex Stevens filed a complaint against Urban FT, Inc. ("UFTI") and iParse, LLC, neither of whom are parties here, in the Circuit Court of the State of Oregon for the County of Multnomah, Case No. 18cv32488 (the "Oregon Lawsuit").  [Doc. No. 53-5.] Stevens' complaint alleged that UFTI and iParse were in default under the terms of Secured Promissory Note dated July 12, 2017.  [Doc. No. 53-5 at 5.]  In connection with that Promissory Note, iParse and UFTI had separately entered into a July 12, 2017 IP Security Agreement with Stevens that listed the Patents in Suit as part of the collateral for the Promissory Note. [Doc. No. 61 at 14.]

On September 8, 2020, the Oregon Circuit Court entered judgment for Stevens and specifically ruled that Stevens is entitled to possession of the Patents in Suit and other collateral listed in the IP Security Agreement.  [Doc. No. 61 at 9-11.]  Notably, that other collateral also includes "any and all claims and causes of action with the respect to the [Patents in Suit], whether occurring before, on or after [July 12, 2017], including all rights to and claims for damages, restitution and injunctive and other legal and equitable relief for past, present and future infringement. . . ."  [Doc. No. 61 at 16.]  The Circuit Court

2

judgment also states that iParse and UFTI "can no longer make use of the intellectual property that is the subject of the IP Security Agreement," which includes the Patents in Suit.  [*Id*. at 11.]

## II.   Urban FT's Claims to Ownership of the Patents in Suit

Urban FT, meanwhile, claims ownership of the Patents in Suit based on a December 22, 2017 agreement between it and iParse.  [Doc. No. 64-1.]  Necessarily, because this agreement was executed after iParse and UFTI had already given Stevens a security interest in the Patents in Suit, Urban FT's rights in the Patents in Suit were also subject to those security interests.  Accordingly, based on the Oregon Circuit Court's judgment that Stevens is entitled to possession of the Patents in Suit, any right, title and interest Urban FT may have had in the Patents in Suit when this Mitek filed this case or when Urban FT filed its counterclaims, including any claims Urban FT may have had for infringement and damages past, present and future, were extinguished no later than September 8, 2020.[1]

Urban FT disputes the Oregon Circuit Court judgment on multiple grounds.  This Court, however, does not have the authority to review the decision of an Oregon state court. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."). While Urban FT has filed motions in the state court to set aside and/or void the court's order, at this time, the judgment is final.  This Court must respect the decision of the Oregon state court.  U.S. Const. Art. IV § 1; 28 U.S.C. § 1738 (State court judgments must be respected and given full faith and credit in U.S. District Courts.).

## III.   Based on the Oregon Circuit Court Judgment, Urban FT Lacks Standing

In an action for patent infringement the plaintiff must be a patentee pursuant to 35 U.S.C. §281.  Likewise, in an action for declaratory judgment of non-infringement, if the

---

[1] It could be argued that because the Oregon Judgment effectively holds that UFTI and iParse were in default of the Promissory Note as of the filing of the lawsuit on July 28, 2018, and rights they had, and by extension Urban FT obtained via its December 22, 2017 agreement with iParse, were extinguished as of July 27, 2018.

defendant is not a patentee, there can be no basis for declaratory relief against that defendant.  Here, based on the final judgment in the Oregon Lawsuit, Urban FT does not presently hold right, title and interest to any of the Patents in Suit, or to any past infringement claims alleged against Mitek.  Accordingly, Mitek's claims for declaratory judgment of non-infringement, and Urban FT's counterclaims for patent infringement and related affirmative defenses based on infringement of the patents, are dismissed for lack of subject matter jurisdiction.

### IV.  Supplemental Jurisdiction Over Remaining State Law Claims

Dismissal of the patent claims leaves only state law claims that are before this Court on the basis of supplemental jurisdiction.  Because the patent claims have been dismissed for lack of standing, this Court arguably no longer has the discretion to exercise supplemental jurisdiction over the remaining claims.  *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1486 (Fed. Cir. 1998) ("Upon dismissal of the patent infringement claim for lack of standing, the district court lacked supplemental jurisdiction to consider the contract claim.").[2]

Regardless, when all federal claims are dismissed, the Court's "decision of whether to exercise supplemental jurisdiction over the remaining state law claims 'is purely discretionary.'"  *Couture v. Wells Fargo Bank, N.A.*, No. 11-CV-1096-IEG CAB, 2011 WL 3489955, at *4 (S.D. Cal. Aug. 9, 2011) (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)).  "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs*[3] values 'of economy, convenience, fairness, and comity.'"  *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.1997) (en banc)

---

[2] Because, based on the unique facts here, Urban FT may have had standing when the complaint was filed, but subsequently lost it during the pendency of this lawsuit based on the Oregon Lawsuit Judgment, an argument could be made that the Court retains discretion to retain supplemental jurisdiction in this instance.  However, as the Court declines to exercise any discretion it may have to exercise supplemental jurisdiction, there is no need to explore whether *Textile Products* is distinguishable.

[3] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

(citations omitted).  To that end, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court *should* decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (*emphasis* added); s*ee also Gibbs,* 383 U.S. at 726 ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims *should* be dismissed as well.") (*emphasis* added). Here, although this case was filed eighteen months ago, the case was still in its early stages of discovery when the Court vacated all case management deadlines in September pending resolution of the jurisdictional issues resolved herein.  Accordingly, the Court finds that "judicial economy, convenience, fairness, and comity" weigh in favor of the Court declining to exercise supplemental jurisdiction over the parties' state law claims.

## V.   Disposition

For the reasons stated herein, it is hereby **ORDERED** that Mitek's claims for declaratory judgment of non-infringement, and Urban FT's counterclaims for patent infringement and related affirmative defenses based on infringement of the patents, are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  It is further **ORDERED** that the remaining state law claims are **DISMISSED WITHOUT PREJUDICE** to refiling in an appropriate state court.

It is **SO ORDERED.**

Dated:  December 17, 2020

_____

Hon. Cathy Ann Bencivengo
United States District Judge